NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DE JESUS SOSA-ELIZONDO, | No. 07-72168 |
| Petitioner, | Agency No. A079-520-345 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jose De Jesus Sosa-Elizondo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel. We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we deny the petition for review.

We agree with the BIA's conclusion that Sosa-Elizondo failed to establish that his former counsel's representation resulted in prejudice, and therefore his ineffective assistance of counsel claim fails. *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's conduct may have affected the outcome of the proceedings). We reject Sosa-Elizondo's contentions that the BIA failed to consider properly the evidence or apply the correct legal standard. It follows that the BIA did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

Sosa-Elizondo submitted a Motion to Augment the Record with the curriculum vitae ("CV") of Dr. Reuban Vaisman-Tzachor, whose psychological report is in the record. Our review is limited to the administrative record. The parties disagree whether the CV was originally part of the record. Even assuming

that the CV was part of the record, we hold that its inclusion would not affect the outcome of Sosa-Elizondo's case.  We therefore deny the motion.

**PETITION FOR REVIEW DENIED.**